24-2096-cv
*Moss v. Bd. of Educ. of the Sachem Cent. Sch. Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-five.

PRESENT:
>   GUIDO CALABRESI,
>   ALISON J. NATHAN,
>   MARIA ARAÚJO KAHN,
>       *Circuit Judges.*

_____

William King Moss III,

>       *Plaintiff-Appellant,*

>   v.                                                    24-2096-cv

Board of Education of the Sachem Central School District, Sachem Central School District, Alex Piccirillo, individually and in

1

their official capacities, Robert Scavo, individually and in their official capacities, Matthew Baumann, individually and in their official capacities, Michael J. Isernia, individually and in their official capacities, James Kiernan, individually and in their official capacities, Sabrina Pitkewicz, individually and in their official capacities, Sara Wottawa, individually and in their official capacities, Vincent Reynolds, individually and in their official capacities, Laura Slattery, individually and in their official capacities, William (Bill) Coggin, individually and in their official capacities, Meredith Volpe, individually and in their official capacities, James Mancaruso, individually and in their official capacities, Christopher Pelletieri, individually and in their official capacities, Kristin Capel-Eden, individually and in their official capacities, Erin Hynes, individually and in their official capacities, Patti Trombetta, individually and in their official capacities, John O'Keefe, individually and in their official capacities, Danielle Delorenzo, individually and in their official capacities, Matt Perlongo, individually and in their official capacities, Melissa Purga, individually and in their official capacities, Lori Onesto, individually and in their official capacities, Katie Nicosia, individually and in their official capacities, Joseph Borruso, individually and in their official capacities, Carolyn Kmiotek, individually and in their official capacities, Carol Karson, individually and in their

**official capacities, Andrew Larson, individually and in their official capacities, Joseph Watson, individually and in their official capacities,**

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: WILLIAM KING MOSS III, pro se, Brentwood, NY.

FOR DEFENDANTS-APPELLEES: CAROLINE B. LINEEN, Silverman & Associates, White Plains, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

William King Moss III, pro se, appeals from the district court's dismissal, without prejudice, of his second amended complaint for failure to state a claim. Moss commenced this action, invoking Title VII and 42 U.S.C. §§ 1981, 1983, and 1985, against the Board of Education of the Sachem Central School District (the Board), Sachem Central School District (the District), and various Board and District members, employees, and volunteers in their individual and official

capacities, alleging race discrimination and constitutional violations relating to his application for an elementary school principal position. The district court granted the defendants' motion to dismiss for failure to state a claim. *See Moss v. Bd. of Educ. of the Sachem Cent. Sch. Dist.*, No. 22-CV-6212 (JS)(SIL), 2024 WL 3328637, at *17 (E.D.N.Y. July 8, 2024). Moss appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I. Standard of Review

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the pro se complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. Title VII Disparate Treatment

The district court properly concluded that Moss failed to state a Title VII disparate treatment claim. At the Title VII pleading stage, a plaintiff is required to

4

raise allegations of facts supporting a minimal plausible inference of discriminatory intent. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Here, Moss's allegations did not support a minimal plausible inference of discriminatory intent under a disparate treatment theory. *See Vega*, 801 F.3d at 84. To establish discriminatory intent, a plaintiff may rely on a theory of disparate treatment by showing "more favorable treatment of employees not in the protected group" to whom the plaintiff is "similarly situated in all material respects." *Littlejohn*, 795 F.3d at 312 (quotation marks omitted). But unlike the seven people interviewed for the principal position, Moss did not have prior experience working as an assistant principal. He thus fails to plausibly allege that his comparators were "similarly situated in all material respects." *Id.* (quotation marks omitted). To the extent Moss alleges that he was qualified in different ways, the possibility that "the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 259 (1981).

On appeal, Moss newly argues that the district court should have construed his complaint to raise discrimination claims under Title VII on the basis of sex and

5

retaliation. However, Moss did not expressly raise these claims below; nor did his allegations suggest discrimination on the basis of sex or retaliation. Even in pro se appeals, we need not consider claims raised for the first time on appeal. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021).

## III. Title VII Disparate Impact

Moss also failed to plausibly allege a Title VII disparate impact claim. "To nudge a disparate impact claim across the line from conceivable to plausible – and, indeed, to ultimately prove such a claim – plaintiffs typically rely on statistical evidence to show a disparity in outcome between groups." *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 209 (2d Cir. 2020). At the pleading stage, "the statistics must plausibly suggest that the challenged practice *actually* has a disparate impact." *Id.* at 210. "General population statistics are a reliable surrogate only when there is reason to think that they accurately reflect the pool of qualified job applicants for the position in question." *Id.* at 210–11 (quotation marks omitted). "[W]hen special qualifications are required to fill particular jobs, comparisons to the general population (rather than to the smaller group of individuals who possess the necessary qualifications) may have little probative value." *Id.* at 212 (quoting *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 308 n.13 (1977)).

6

Moss alleged below, and maintains on appeal, that the District's hiring practices, and the Sachem Administrators Association (SAA) recommendation policy in particular, resulted in the exclusion of Black applicants from teacher and administrator positions. Moss provided data from the United States Equal Employment Opportunity Commission demonstrating that the District employed the following number of Black professional and non-professional staff: 8 of 2,004 in 2018; 14 of 1,916 in 2020; and 16 of 1,962 in 2022. However, as to a comparator pool, Moss relied solely on census data reflecting that 4% of the District population, as a whole, was Black. Moss relies on this census data without demonstrating that it "accurately reflect[s] the pool of qualified job applicants for the position in question." *Mandala*, 975 F.3d at 211 (quotation marks omitted). Indeed, the census data appears to encompass people of all ages, including children under 18 and adults over the age of 65. As the district court concluded, Moss thus failed to allege "the number of eligible candidates for each position, the number of openings at each level, or the racial composition of the qualified labor pool." *Moss*, 2024 WL 3328637, at *11.

IV.    **Section 1983**

7

The district court also properly concluded that Moss failed to state a § 1983 claim. "[F]or a § 1983 discrimination claim to survive a motion for judgment on the pleadings or a motion to dismiss, a plaintiff must plausibly allege a claim under the same standards applicable to a Title VII claim—and that the adverse action was taken by someone acting under color of state law." *Vega*, 801 F.3d 72 at 88 (cleaned up). Because Moss has failed to plausibly allege a Title VII claim, as discussed above, his § 1983 claims also fail.

## V.    Section 1981

The district court properly concluded that Moss failed to state a § 1981 claim. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). "Make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

Moss's § 1981 claims were properly dismissed because he failed to sufficiently plead that the defendants acted with discriminatory intent. *Burgis v. N.Y. City Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015). Moss failed to plausibly

8

allege discriminatory intent because, as discussed above, he relies on comparator evidence but does not identify comparators similarly situated in every respect. And to the extent Moss relies on statistical disparities to plead his § 1981 claim, he fails to plausibly state a claim because "the statistics must . . . be of a level that makes other plausible non-discriminatory explanations very unlikely." *Id.* at 69.

## VI. Section 1985

The district court did not err by dismissing Moss's § 1985(3) conspiracy claim. "In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (quotation marks omitted). Here, Moss alleged that that the defendants' actions in denying him a first-round interview constituted a conspiracy to deny him equal protection. But he failed to allege any facts suggesting "a meeting of the minds" or "that [the] defendants entered into an agreement, express or tacit." *Id.* Moreover, stating a § 1985(3) claim requires showing that the conspiracy is motivated by "invidious discriminatory animus," *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993), and as discussed above, Moss failed to plausibly allege such animus.

\* \* \*

We have considered Moss's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court